```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRIAN MASSEY,                    :    CIVIL ACTION
                                 :    NO. 07-2654
            Petitioner,          :
                                 :
      v.                         :
                                 :
MARILYN BROOKS et al.,           :
                                 :
            Respondents.         :
```

### O R D E R

**AND NOW**, this **29th** day of **October, 2007**, upon consideration of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (doc. no. 12), it is hereby **ORDERED** as follows:

    1.   The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] Judge Rice offers three arguments in favor of dismissing this petition and this Court adopts his Report and Recommendation in its entirety. First, Judge Rice correctly points out that the petitioner's claim is time barred under the Antiterrorism and Effective Death Penalty Act because the habeas petition was filed well over one year after his sentencing. Second, Judge Rice finds that Massey was precluded from filing this habeas petition for failure to exhaust his state remedies. This Court will not address these arguments as it is satisfied that Judge Rice's third argument will suffice; petitioner's claim must be dismissed as he had completed his sentence prior to filing his petition and was no longer in custody.

    The habeas corpus statute, 28 U.S.C. § 2254, was created to provide relief for those suffering from the utmost deprivation of liberty; namely incarceration. Hensley v. Municipal Court, 411 U.S. 345 (1973). However, along with several other jurisdictional requirements, the statute requires that a petitioner be in custody at the time of filing of his application. Carafas v. LaVallee, 391 U.S. 234, 238 (1968). Over time, the § 2254's "custody requirement" was expanded to pertain not only to incarceration, but to terms of probation and parole. Barry v. Brower, 864 F.2d 294, 296 (3d Cir. 1988); See also, Barry v. Bergen County Probation Department, 128 F.3d 152 (3d Cir. 1997)(holding that the imposition

2. Petitioner's objections to the Report and Recommendation are **OVERRULED**;

3. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, (doc. no. 1) is **DENIED** and **DISMISSED**;

4. There is no probable cause to issue a Certificate of Appealability.

**AND IT IS SO ORDERED.**

    S/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**

---

of community service on plaintiff constituted custody for purposes of the statute). But even given the recent liberal application of the statute, the custody requirement remains very much alive. For Example, the imposition of a fine does not qualify as custody. Obado v. State of New Jersey, 328 F.3d 716 (3d Cir. 2003). Nor does the revocation of a drivers license, Lillios v. New Hampshire, 788 F.2d 922 (1st Cir. 1986), or the disbarrment of an attorney. Ginsberg v. Abrams, 702 F.2d 48 (2d Cir. 1983). Most importantly, it seems unequivocal that petitioner is not in custody after the period of incarceration for a given conviction has expired. Maleng v. Cook, 490 U.S. 488 (1989).
    Petitioner's habeas petition was filed on May 14, 2007. He had been sentenced to six months in jail, with 37 days credit for time served, on March 9, 2005 after being held in criminal contempt. This sentence was completed on July 30, 2005, well over a year before filing this instant action and thus it must fail.
    While Judge Rice's other bases for dismissing petitioner's claim can stand on their own, that petitioner was not in custody when the claim was filed approaches the bedrock of the habeas corpus statute; petitioner's claim does not meet the threshold requirements of 28 U.S.C. §2254 and his petition shall be dismissed.